UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICIA BLACK, ASHLEY PLATT, SHAWN DANIELSON | : : | |
| (Plaintiffs) | : : | CIVIL ACTION NO. 3:18-cv-02101 (JAM) |
| v. | : : | |
| NEW ENGLAND COMPUTER SERVICES, INC. and CHRIS ANATRA | : : | MARCH 12, 2020 |
| (Defendants) | : | |

### DEFENDANT'S MOTION IN LIMINE

Pursuant to Fed. R. Civ. P. 37, the Defendants New England Computer Services, Inc. ("NECS") and Chris Anatra ("Anatra"), collectively referred to herein as "Defendants", respectfully move to exclude evidence at the upcoming trial of the claims set forth in the Amended Complaint (Doc. 17) filed by the Plaintiffs, Patricia Black ("Black"), Ashley Platt ("Platt"), and Shawn Danielson ("Danielson"), collectively referred to herein as "Plaintiffs", on the basis that said evidence was not disclosed as required under F.R.C.P. 26(a) and the Initial Discovery Protocols. This evidence consists of sound recordings of alleged conversations between Anatra and Danielson concerning the allegations in the Plaintiffs' Complaint.

**I.    LEGAL STANDARD:**

Pursuant to F.R.C.P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296-98 (2d Cir. 2006)(Affirming preclusion of lost profits damages which were omitted from disclosure of damages under F.R.C.P. 26).

While F.R.C.P. 26 generally governs the parties' obligation to make initial disclosures,

the local rules of this Court require that in applicable employment cases alleging adverse action, parties are to utilize the Initial Discovery Protocols ("IDP"), which do not preclude or modify the rights of any party for discovery as provided by the Federal Rules of Civil Procedure, but are intended to supersede the parties' obligations under to F.R.C.P. 26(a)(l). Thus, the failure to comply with the production obligations set forth in the IDP constitutes a failure to disclose under F.R.C.P. 26.

The IDP, Part II(1)(b) provides that "the terms 'document' and 'documents' are defined to be synonymous in meaning and equal in scope to the terms 'documents' and 'electronically stored information' as used in F.R.C.P. 34(a)." Under F.C.R.P. 34(a)(1)(A), the terms "documents" and "electronically stored information" includes writings, drawings, graphs, charges, photographs, **sound recordings**, images and other data or data compilations. (Emphasis added.) As such, the Plaintiffs had an obligation under the IDP to produce all documents, including any sound recordings, containing, *inter alia*, all communications concerning the factual allegations or claims at issue in this lawsuit between the Plaintiffs and the Defendants as well as any other documents, including sound recordings, upon with the Plaintiffs rely to support their claims. Despite this obligation, no sound recordings were produced to the Defendants with Plaintiffs initial disclosures.

## II.    FACTUAL BACKGROUND

Plaintiffs commence this action by way of Complaint filed on December 21, 2018. Pursuant to F.R.C.P. 26(f), the parties conducted a planning meeting and submitted the Joint Report of Rule 26(f) Planning Meeting (Doc. 16) on February 28, 2019. The parties agreed that the initial disclosures would be made on or around March 25, 2019 and that all discovery would

be completed by November 22, 2019, and on March 11, 2019 the Court approved and entered the General Scheduling Order (Doc. 20). On October 24, 2019, the court granted a joint motion to modify the Scheduling Order and extended the time to complete discovery to January 1, 2020. (Doc. 30).

The Defendants received the initial disclosures of the Plaintiffs pursuant to the IDP on or around March 25, 2019. There were no copies of sound recordings provided to the Defendants therewith. On December 13, 2019, counsel for the Plaintiffs deposed Anatra; during Antra's deposition, said counsel produced sound recordings and played excerpts allegedly containing communications between Anatra and Danielson concerning the factual allegations and claims at issue in this action. Counsel for the Defendants notified the Plaintiffs' attorney that he had not received any sound recordings as a part of the parties' initial disclosures or subsequent discovery production. Counsel for the Plaintiffs assured the Defendants that copies of the sound recordings would be provided, however, as of the date of this motion, the Plaintiffs have failed to produce copies of any sound recordings to the Defendants. The deadline to complete discovery passed on January 1, 2020.

### III.   ARGUMENT

In light of the clear failure to produce copies of any "sound recordings" pursuant to the obligations set forth in F.R.C.P. 26 and the Initial Discovery Protocols, the Plaintiffs should be precluded from introducing any such sound recordings as evidence at the upcoming trial in this matter.

In *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006), the appellate court set forth the factors to consider when examining a trial court's decision to preclude evidence: (1) the party's

explanation for the failure to comply with the disclosure requirement; (2) the importance of the precluded evidence or testimony of a precluded witness; (3) the prejudice suffered by the opposing party in having to prepare to meet the new testimony; and (4) the possibility of a continuance. *See also Principal National Life Insurance Company v. Coassin*, Docket No. 3:13-cv-1520 (JBA), 2015 WL 8512650, *1-2 (D.Conn., Dec. 11, 2015)

In the present case, the Plaintiffs have not provided any reason why the sound recordings were not produced to the Defendant's with the initial disclosures, with the subsequent discovery responses, or after a request by the attorney for the Defendants. Furthermore, as discovery in this matter is complete, the Defendants have suffered serious prejudice because they did not have an opportunity to listen to the sound recordings in their entirety, to authenticate the recordings, to question the Plaintiffs about the sound recordings during depositions, or to prepare any type of response thereto. Having only heard the various excerpts played at Anatra's deposition, the Defendants will not be able to properly cross-examine any witnesses who created and/or participated in conversations on the recordings as to the full context of the communications contained therein.

### IV.    CONCLUSION

In light of the foregoing, and the undisputed failure by the Plaintiffs to disclose discoverable information pursuant to F.R.C.P. 26 and in accordance with the Initial Discovery Protocols, the Plaintiffs should be precluded from entering any sound recordings of alleged conversations between Anatra and any of the Plaintiffs.

Respectfully submitted by,

DEFENDANTS,
NEW ENGLAND COMPUTER SERVICES, INC.,
and CHRIS ANATRA


By: */s/* Carolyn A. Young
   Paul Tagatac (ct08548)
   Carolyn A. Young (ct29781)
   Michelson, Kane, Royster & Barger, P.C.
   Ten Columbus Boulevard
   Hartford, CT 06106
   Tel: (860)522-1243
   Fax: (860)548-0194
   ptagatac@mkrb.com
   cyoung@mkrb.com

## CERTIFICATION

I hereby certify that on March 12, 2020, the foregoing Motion was electronically filed with the Clerk of the Court using the CM/EFC system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system. A copy of same also was emailed to counsel of record as follows:

>Deborah L. McKenna (ct17326)
>Michael T. Petela, Jr.
>Hayber, McKenna & Dinsmore, LLC
>900 Chapel Street, 11th Floor
>New Haven, CT 06510
>Tel: 860-522-8888
>Fax: 860-218-9555
>Email: dmckenna@haberlawfirm.com
>           mpetela@haberlawfirm.com

>Thomas J. Durkin
>The Hayber Law Firm, LLC
>750 Main Street, Suite 904
>Hartford, CT 06103
>Tel: 860-522-8888
>Email: tdurkin@haberlawfirm.com

>　　　　　　　/s/ *Carolyn A. Young*
>　　　　　　　Carolyn A. Young