UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Patricia Black, Ashley Platt,** | : | Civil Action No. |
| **Shawn Danielson,** | : | 3:18-cv-02101-JAM |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **New England Computer Services, Inc.** | : | |
| **and Chris Anatra** | : | |
| Defendants. | : | APRIL 28, 2021 |

**JOINT TRIAL MEMORANDUM**

Pursuant to the Court's Joint Trial Memorandum Order, the Plaintiffs **PATRCIA BLACK, ASHLEY PLATT, and SHAWN DANIELSON** and Defendants **NEW ENGLAND COMPUTER SERVICES, INC.** and **CHRIS ANATRA** hereby jointly submit the following Trial Memorandum. The parties' motions *in limine* will be filed separately and simultaneously with this Joint Trial Memorandum.

**I.  JURY/NON-JURY**

The Plaintiffs have demanded a trial by jury.

**II.  LENGTH OF TRIAL**

The Parties' counsel estimates that trial could last 7-8 days, excluding jury selection.

**III.  NATURE OF THE CASE**

*a. Plaintiff's Claims*

Plaintiffs allege that Defendants NECS, Inc. and Christopher Anatra violated the Federal and Connecticut Equal Protection Act as to all Plaintiffs (Counts 1 – 2). Plaintiffs allege that Defendants employed them, all female, and Christopher Londa, a male, in the position of Technical Support with NECS, Inc. Plaintiffs allege that they performed equal work to Mr. Londa but were

1

each paid less than him.  Plaintiffs allege that Defendant NECS, Inc. violated Title VII and the Connecticut Fair Employment Practices Act (Counts 3 – 4) based on the same conduct.

Plaintiffs allege that Defendant Christopher Londa is liable to each Plaintiff for defamation (Counts 5-7) for statements he made about each of them in a meeting with third persons.

Plaintiff Danielson alleges that Defendants NECS and Christopher Anatra retaliated against her in violation of the Federal EPA (Counts 10).  Finally, Plaintiff Danielson alleges that Defendant NECS, Inc. retaliated against her in violation of Title VII and CFEPA (Counts 8 – 9). Plaintiff Danielson alleges that Defendants began disciplining her and removing her work responsibilities around January or February 2018 after her sister, Patricia Black filed a complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO) alleging gender discrimination arising from the wage disparity between herself and Mr. Londa.  Ms. Danielson filed her own complaint with the CHRO on July 2, 2018.  On August 14, 2018, Defendant NECS., Inc. terminated her employment.

Plaintiffs seek back pay and liquidated damages under the Federal EPA.  Plaintiffs seek back pay (wage disparity), compensatory and punitive damages under the Connecticut EPA. Plaintiffs seek back wages (wage disparity), compensatory and punitive damages under Title VII and CFEPA.  Plaintiffs seek general, special, and punitive damages under their defamation claims. Plaintiff Danielson separately seeks back pay from her termination through judgment, compensatory damages and punitive damages under the Federal and Connecticut EPAs, Title VII, and CFEPA.

b. *Defendants' Affirmative Defenses*

The Defendants have asserted, as to all counts, an affirmative defense that Plaintiffs have failed to state claims upon which relief can be granted. In support thereof, Defendants will present the following:

**Counts One and Two – Violations of Federal and State Equal Pay Statutes**

The Plaintiffs have failed to establish a prima facie case of wage discrimination. NECS hired Londa in a project manager position in which Londa would manage the planning, development, and oversight of new software designs and applications in collaboration with the programming department and assume responsibility for certain projects that were currently being handled by the Staff Software Engineer. Londa's position was not substantially equal to the positions held by the Plaintiffs.

Because NECS sells proprietary software, in order to perform his role, Londa was required to undergo a period of training to learn NECS's proprietary software. During this initial training period, Londa received training in the Technical Support department and acted for a time under the title of "Technical Support" employee, performing similar duties to those of the Plaintiffs. However, this just an introductory training period contemplated by the offer of employment and. Londa began assuming project management responsibilities in or around July 2017.

Thus, while Londa and the Plaintiffs may have performed similar tasks for a short time during his training, his position was not substantially equal to the Plaintiffs' positions under the State and Federal Equal Pay statutes. To the extent that Londa's and the Plaintiffs' job duties overlapped during the training period, the Defendants maintain that any pay discrepancy was based on factors unrelated to gender including, without limitation, Londa's technical and managerial

work experience and the intention that he assume a managerial role working with the programming department and managing the development of new software designs and applications.

### Counts Three and Four – Gender Discrimination under Title VII and CFEPA

As set forth above, the NECS maintains that any difference in pay between Londa and the Plaintiffs was not motivated by gender, but rather because Londa was receiving training as a technical support employee in order to learn the proprietary Software so that he could assume the role of Project Manager for which he was hired. His higher salary was based upon his prior supervisory experience and the expectation that he would assume the role of Project Manager once he became proficient with the Software. As such, the Plaintiffs cannot prove that NECS acted with a discriminatory intent.

There is no evidence whatsoever upon which to infer a gender-based motive for the pay differential. The conclusory allegations in the Plaintiff's complaint of a "pattern and practice of paying its male employees more and/or providing a higher level of benefits then to its female employees for jobs requiring equal skill, effort, and responsibility" or with regard to the "other examples of pay disparity" including an unidentified male employee whose pay was "very close to" Danielson's despite having less experience are without a factual basis and thus do not support an inference of discriminatory intent.

The pay difference between Londa and the Plaintiffs alone is insufficient to support an inference of discrimination under Title VII and/or CFEPA and NECS and Anatra will prove a non-discriminatory and non-pretextual explanation for the difference in pay.

### Counts Five, Six and Seven – Defamation

As to the claims of defamation, the Defendants denies making any false or defamatory statements and maintains that the statements alleged by the Plaintiffs cannot constitute defamation

because they are merely statements of opinion related to the veracity of the Plaintiffs' accusations of discrimination and personal attacks on Anatra. With regard to statements of opinion, or quasi-statements of opinion and fact, the operative issue is whether the statements implied the existence of undisclosed facts. NECS will establish that any statements made about the Plaintiffs were made to only persons with full knowledge of all the claims asserted by the Plaintiffs and access to all the underlying facts.

**Counts Eight, Nine, and Ten – Retaliation under Title VII, CFEPA, and the Equal Pay Acts**

As to Danielson's retaliation claims, Defendants deny any retaliatory motives and maintain that any alleged adverse employment actions were taken as a result of Danielson's failure to perform her work satisfactorily, her disruptions in the workplace, and her repeated productivity issues.

**IV.    TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to a trial by a magistrate judge.

**V.    EVIDENCE**

  a. *Plaintiff's Witnesses*

***Christopher Anatra (4 hours)*** – Defendant NECS, Inc.'s owner.  He will testify about his role with NECS and his relationship to the Plaintiffs. He will testify about the substantive issues in this case, including the decisions to hire the plaintiffs, set their pay rates, hire Christopher Londa, set his pay rate, the responsibilities of each plaintiff and Mr. Londa.

***Nichole Zingarelli (2 - 3 hours)*** – Defendant's Director of Operations – She will testify about the policies and procedures of Defendant NECS, Inc.  She will further testify about the job responsibilities of the Plaintiffs and Christopher Londa.  She will testify about the Defendant's defenses, including that Londa was hired as a "project manager." Zingarelli will provide testimony relating to Danielson's claims of retaliation and the Plaintiffs' defamation claims.

***Cynthia Edwards (30 minutes to 1 hour)*** – Defendants' employee – She will testify about the policies and procedures of Defendant NECS, Inc.  She will further testify about the liability issues in the case, including her supervision of the plaintiffs and Londa, the job duties of the plaintiffs and Mr. Londa, and the facts relevant to Danielson's retaliation claims.

*Christopher Londa (2 – 3 hours)* – Mr. Londa will testify about the substantive issues in this case. He will testify about the circumstances surrounding his hiring and decision to pay him more than the Plaintiffs. He will testify about his job duties throughout his employment, and Defendants' defense that he was hired as a project manager.

*Patricia Black (2-3 hours)* – Ms. Black will testify about the substantive allegations in the complaint, including her duties, her pay, Mr. Londa's duties and pay, and her damages. She will also likely testify in support of Danielson's retaliation claims.

*Ashley Platt (2-3 hours)* - Ms. Platt will testify about the substantive allegations in the complaint, including her duties, her pay, Mr. Londa's duties and pay, and her damages.

*Shawn Danielson (3 – 4 hours)* - Ms. Danielson will testify about the substantive allegations in the complaint, including her duties, her pay, Mr. Londa's duties and pay, NECS' retaliation against her, and her damages.

*Andy Black (30-45 minutes)* – Mr. Black will testify as to her observations of Plaintiff Danielson and Patricia Black's emotional state both during and after their employment with Defendant NECS.

*Theresa Jayne Ferriola (30-45 minutes)* – Ms. Ferriola will testify as to her observations of Plaintiff Danielson and Patricia Black's emotional state both during and after their employment with Defendant NECS.

*Dawn Nuzzo (30 minutes)* – Ms. Nuzzo will testify as to her observations of Plaintiff Danielson's emotional state both during and after her employment with Defendant NECS.

*Carolyn Ryan (30 minutes)* - Ms. Ryan will testify as to her observations of Plaintiff Danielson's emotional state both during and after her employment with Defendant NECS.

*Maureen Morrissey (30 – 45 minutes)* – Ms. Morrissey will testify as to her observations of Plaintiff Platt and the emotional effect Defendants' treatment had on her.

    b. *Defendants' Witnesses*

*Chris Anatra (4 hours)* – Defendant & President of NECS; Mr. Anatra is expected to testify in connection with NECS's payroll practices and payroll records, company personnel policies and procedures, job descriptions and job duties, hiring and employment-related decisions, the Plaintiffs' job performance, disciplinary action and termination; counseling and supervision of the Plaintiffs with respect to all work-related issues.

*Nichole Zingarella (2-3 hours)* – NECS Director of Operations; Ms. Zingarella is expected to testify in connection with NECS's payroll practices and payroll records, company personnel policies and procedures, job descriptions and job duties, hiring and employment-related decisions,

the Plaintiffs' job performance, disciplinary action and termination; counseling and supervision of the Plaintiffs with respect to all work-related issues.

*Cynthia Edwards (1-2 hours)* – at all times relevant to the allegations in the complaint, Ms. Edward was NECS Supervising Manager; Ms. Edwards is expected to testify in connection with NECS's payroll practices and payroll records, company personnel policies and procedures, job descriptions and job duties, hiring and employment-related decisions, the Plaintiffs' job performance, disciplinary action and termination; counseling and supervision of the Plaintiffs with respect to all work-related issues.

*Christopher Londa (1-2 hours)* – NECS Project Manager; Mr. Londa is expected to testify in connection with the circumstances surrounding his hiring, the offer of employment letter, his prior work experience, his job duties throughout his employment, and his current role with NECS.

*Harold Haynes (1-2 hours)* – NECS Sales Manager; Mr. Haynes is expected to testify in connection with NECS's company personnel policies and procedures, job descriptions and job duties, hiring and employment-related decisions and supervision of the Plaintiffs with respect to all work-related issues.

*Sheri Robayo (1-2 hours)* – NECS Receptionist; Ms. Royabo is expected to testify in connection with NECS's company personnel policies and procedures and the Plaintiffs' job performance.

*Plaintiffs' Objection: Plaintiffs object to Ms. Royabo testifying regarding the job performance of Plaintiffs Black and Platt. Plaintiffs object to this testimony on the grounds that the job performance of those Plaintiffs is not relevant to any liability issue in the case.*

    c. **Exhibits**

The Plaintiffs' proposed exhibit list is attached as **Exhibit A**. The Plaintiffs object to Defendants Proposed Exhibits C1, C2, D1, D2, D3, D4, D5, D6, D7, and D8 on the grounds that the proposed documents are irrelevant under FRE 401 - 403. The exhibits Defendants object to that Plaintiffs seek to introduce are documents that are admissible pursuant to hearsay exceptions.

The Defendants' proposed exhibit list is attached as **Exhibit B**. The Defendants object to the Plaintiffs' Proposed Exhibits 1, 3, 17, 18, 19, 22, 25, 26, 30, 32, 33, 41, 42, 43, 44, 45, 46, 47, 48 on the grounds that the proposed documents are hearsay and no foundation or exception has been established. The Defendants do not have sufficient information to identify the content included in Exhibit 40 but reserve an objection to the extent that the documents are hearsay and

no foundation or exception has been established. The Defendants also object to Plaintiffs' Proposed Exhibits 15 and 16 on the grounds that the proposed exhibits are irrelevant under FRE 401-403. The exhibits to which the Plaintiffs object that Defendants seek to introduce are relevant under FRE 401-403.

### d. Deposition Testimony

The parties do not anticipate introducing deposition testimony at trial. The parties reserve the right to rely on deposition testimony of the witnesses for impeachment at trial.

## VI. MOTIONS IN LIMINE

Any motions *in limine* will be filed concurrently with the filing of this Memorandum.

## VII. TRIAL BY JURY

### a. Brief Description of the Case, the Parties, the Issues in Dispute (Jointly Agreed)

The present case involves claims under the Federal and State Equal Pay Acts, claims of gender discrimination under Title VII and the Connecticut Fair Employment Practices Act ("CFEPA"), defamation claims, and claims of retaliation against Defendants New England Computer Services, Inc. ("NECS") and its principal Chris Anatra ("Anatra") by former NECS employees Patricia Black, Ashley Platt, and Shawn Danielson (collectively the "Plaintiffs").

Defendants employed Plaintiffs as Technical Support employees at NECS, Inc. along with Christopher Londa, a male employee. Plaintiffs allege that Defendants paid Mr. Londa higher wages than they paid them even though they performed substantially equal work. Defendants do not dispute that Mr. Londa was paid more than Black and Platt but maintain that Mr. Londa did not perform substantially equal work as them. The Defendants dispute that there was a meaningful difference in compensation between Mr. Londa and Danielson and maintain that Mr. Londa and Danielson did not perform substantially equal work. Defendants claim that Mr. Londa was hired

as a project manager but received training from the technical support employees to learn about the proprietary software sold by NECS. With regard to any overlap in the job duties during Mr. Londa's training period, the Defendants maintain that any pay discrepancy between Mr. Londa and the Plaintiffs was due to his training and his technical and managerial work experience.

Plaintiffs also claim that Christopher Anatra, the owner of NECS, Inc. defamed each of them during a meeting in the presence of Plaintiff Shawn Danielson and NECS management employees.  Defendants maintain that any statements made by Mr. Anatra were statements of opinion and deny that any statements made by Anatra defamed any of the plaintiffs.

Finally, Ms. Danielson alleges that NECS Inc. retaliated against her in violation of Title VII, CFEPA, and the Federal Equal Pay Act after Plaintiff Black and she filed complaints alleging gender discrimination with the Connecticut Commission on Human Rights and Opportunities ultimately leading to NECS terminating her employment. Again, Defendants maintain that any disciplinary or adverse employment action taken against Ms. Danielson, including her termination, was taken after repeated counseling and warnings about low productivity.

  b. *Proposed Voir Dire Questions*

The Plaintiffs' Proposed Voir Dire questions are attached as **Exhibit C**. The Defendants Proposed *Voir Dire* questions are attached as **Exhibit D**.

  c. *Proposed Jury Instructions*

The Plaintiffs' proposed jury instructions are attached as **Exhibit E** to this Report. The Defendants' proposed jury instructions are attached as **Exhibit F**.

  d. *Proposed Verdict Forms*

The Plaintiffs' proposed verdict form is attached as **Exhibit G** to this Report. Defendants' proposed verdict form is attached as **Exhibit H**.

**Plaintiffs Patricia Black, Ashley Platt and Shawn Danielson,**

By:  */s/ Deborah L. McKenna*
Attorney Deborah L. McKenna (ct 17326)
Attorney Thomas J. Durkin (ct30371)
Hayber, McKenna & Dinsmore, LLC
900 Chapel Street, 11th Floor
New Haven, CT 06510
Telephone: (860) 522-8888
Fax: (860) 218-9555
dmckenna@hayberlawfirm.com

**Defendants New England Computer Services, Inc., and Chris Anatra**

By: */s/ Carolyn A. Young*
    Paul Tagatac (ct08548)
    Carolyn A. Young (ct29781)
    Michelson Kane Royster & Barger, P.C.
    Ten Columbus Boulevard
    Hartford, CT 06106
    Tel: (860)522-1243
    Fax: (860)548-0194
    ptagatac@mkrb.com
    cyoung@mkrb.com

## CERTIFICATION

I hereby certify that on April 28, 2021 a copy of the **Joint Trial Memorandum** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: *Deborah L. McKenna*
Deborah L. McKenna