UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA BLACK *et al.*,<br>    *Plaintiffs*,<br><br>         v.<br><br>NEW ENGLAND COMPUTER SERVICES,<br>INC. *et al.*,<br>    *Defendants*. | No. 3:18-cv-02101 (JAM) |

## ORDER RE PENDING MOTIONS

The plaintiffs are three women—Patricia Black, Ashley Platt, and Shawn Danielson—who were employed with defendant New England Computer Services, Inc., a company owned by co-defendant Chris Anatra. The plaintiffs allege a range of claims for unequal pay, gender discrimination, defamation, and retaliation. With the parties about to begin a jury trial, this ruling determines several of the parties' pending motions.

***Plaintiffs' motion* in limine *to preclude evidence
in support of Equal Pay Act affirmative defenses (Doc. #92)***

In light of my colloquy with counsel at the pretrial conference (Doc. #105), I will deny the motion as moot and without prejudice to renewal in the event of a change in circumstances.

***Plaintiffs' motion* in limine *to preclude evidence
of failure to mitigate damages (Doc. #93)***

In light of my colloquy with counsel at the pretrial conference (Doc. #105), I will deny the motion as moot and without prejudice to renewal. Counsel have agreed that the plaintiffs have no duty to mitigate with respect to any damages based upon unequal pay but that plaintiff Danielson had a duty to mitigate with respect to any economic damages she claims from her termination of employment. As to any duty for the plaintiffs to mitigate with respect to their claims of non-economic damages (such as for emotional distress), counsel shall consult with

respect to whether the defendants intend to argue that plaintiffs have a legal duty to mitigate such damages, and—if so—they may raise this issue again but with the benefit of detail concerning what mitigation measures that the defendants will claim that the plaintiffs should have undertaken and with further legal research for precedent addressing this issue.

### Plaintiffs' motion in limine to preclude evidence re Black and Platt's performance (Doc. #94)

I will deny the motion on the ground that evidence of Black and Platt's performance is relevant to the jury's consideration of their claims under the Equal Pay Act and for gender discrimination and that the potentially prejudicial value of such evidence is not substantially outweighed by its probative value. *See* Fed. R. Evid. 401, 403. Because the plaintiffs claim that they were subject to adverse treatment because of their gender, the defendants should be permitted to argue that any adverse treatment and pay inequity was in whole or in part because of performance issues rather than because of gender discrimination.

### Plaintiffs' motion in limine to preclude evidence in support of the good faith defense to liquidated damages (Doc. #95) and defendants' motion for leave to file an amended answer and affirmative defenses (Doc. #102)

I will grant plaintiffs' motion and deny defendants' motion. If the defendants wished to avail themselves of the statutory good faith defense to liquidated damages (29 U.S.C. § 260), then they should have timely pleaded this defense. For the reasons set forth in plaintiffs' reply (Doc. #103), I am not convinced by the defendants' argument that they implicitly pleaded the defense merely by alleging in general terms that the plaintiffs failed to state a claim for which relief could be granted. As the Second Circuit has ruled, "the employer bears the burden of establishing the defense of good faith," and "[t]he defense requires plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it." *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987); *see also Barfield v. New York City Health &*

*Hosps. Corp.*, 537 F.3d 132, 150-51 (2d Cir. 2008) (describing special burdens of the good faith defense to payment of liquidated damages). The plaintiffs have also demonstrated prejudice in terms of foregone discovery if I were to allow the defendants at this late date to amend their answer and affirmative defenses to plead a good faith defense under 29 U.S.C. § 260. This ruling does not generally foreclose the defendants from arguing at trial that they acted in good faith but only precludes the defendants from seeking the specific benefit of the good faith defense to liquidated damages under 29 U.S.C. § 260.

## CONCLUSION

For the reasons set forth above, the Court:

- DENIES as moot and without prejudice plaintiffs' motion *in limine* to preclude evidence in support of Equal Pay Act affirmative defenses (Doc. #92);

- DENIES as moot and without prejudice plaintiffs' motion *in limine* to preclude evidence of failure to mitigate damages (Doc. #93);

- DENIES plaintiffs' motion *in limine* to preclude evidence of Black and Platt's employment performance (Doc. #94);

- GRANTS plaintiffs' motion *in limine* to preclude evidence in support of the good faith defense to liquidated damages (Doc. #95) and DENIES defendants' motion for leave to file an amended answer and affirmative defenses (Doc. #102).

It is so ordered.

Dated at New Haven this 12th day of June 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge